# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 4, 2026
Thomas B. Plunkett, III
Clerk

---

No. 26-10696

---

Temple Gun Club, Incorporated; Jeffrey Howard; Jason Armstrong; Clark Miracle,

*Plaintiffs—Appellants*,

*versus*

Todd Wallace Blanche, *U.S. Attorney General*; Robert Cekada, *Director, U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives*; Brian Garner, *in his official capacity as Special Agent in Charge of the Dallas Field Division of the Bureau of Alcohol, Tobacco, Firearms and Explosives*; Michael Weddel, *in his official capacity as Special Agent in Charge of the Houston Field Division of the Bureau of Alcohol, Tobacco, Firearms and Explosives*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:26-CV-265

---

ON PETITION FOR INITIAL HEARING EN BANC

Before STEWART, RICHMAN, and HAYNES, *Circuit Judges*.

PER CURIAM:

The petition for initial hearing en banc is DENIED because, at the request of one of its members, the court was polled, and a majority of the circuit judges in regular active service did not vote in favor of initial hearing en banc (FED. R. APP. P. 40(g) and 5TH CIR. R. 40.2.6).

In the en banc poll, 8 judges voted in favor of initial hearing en banc (CHIEF JUDGE ELROD and JUDGES SMITH, HIGGINSON, WILLETT, HO, DUNCAN, OLDHAM, and DOUGLAS), and 9 voted against (JUDGES JONES, STEWART, RICHMAN, SOUTHWICK, HAYNES, GRAVES, ENGELHARDT, WILSON, and RAMIREZ).

Andrew S. Oldham, *Circuit Judge*, joined by Ho, *Circuit Judge*, dissenting from the denial of initial hearing en banc:

"As far as I am aware, there is no historical justification for banning machine guns." *United States v. Wilson*, 174 F.4th 474, 479 (5th Cir. 2026) (Oldham, J., dissenting from the denial of rehearing en banc). So I have already called for en banc reconsideration of our court's approach to 18 U.S.C. § 922(o). *See ibid.* It's regrettable that we're unwilling to do that under the Second Amendment (*Wilson*) or the Commerce Clause (here).

I write separately today to make two additional points.

First, our en banc court recently agreed to reconsider our approach to the Commerce Clause and a different gun statute, 18 U.S.C. § 922(g). *See United States v. Squire*, 177 F.4th 614 (5th Cir.), *reh'g en banc granted, opinion vacated*, 182 F.4th 481, 481–82 (5th Cir. 2026) (en banc) (per curiam). Section 922(g) prohibits felons from possessing firearms; it's the cornerstone of criminal gun law and one of the most-cited statutes in the entire United States Code. *See* Robert J. Cottrol & George A. Mocsary, *Guns, Bird Feathers, and Overcriminalization: Why Courts Should Take the Second Amendment Seriously*, 14 Geo. J.L. & Pub. Pol'y 17, 38 (2016) (noting ATF considers § 922(g) its "'bread-and-butter' violation" (quotation omitted)). I can think of no good reason to limit our Commerce Clause work to § 922(g). To the contrary, § 922(g) contains a jurisdictional hook related to "interstate and foreign commerce," while § 922(o) does not. Perhaps that does not matter. *See United States v. Hemani*, 608 U.S. 772, 799–802 (2026) (Thomas, J., concurring) (arguing the presence of a jurisdictional hook in § 922(g) is irrelevant). But if it does matter, Supreme Court precedent says it makes § 922(o) more constitutionally infirm than § 922(g). *See United States v. Lopez*, 514 U.S. 549 (1995); *United States v. Morrison*, 529 U.S. 598 (2000).

Second, we should prioritize this case because it involves law-abiding citizens and not criminals. The plaintiffs in this case are liberty-loving

enthusiasts who would like to modify their firearms in ways that § 922(o) prohibits, and they would like to do so lawfully and through purely intrastate activity. Squire, by contrast, is a repeat felon with convictions for possession with intent to distribute heroin among many others. *See Squire*, 177 F.4th at 616 (listing the felonies). Squire's drug-dealing unquestionably involved interstate commercial activity, *see Taylor v. United States*, 579 U.S. 301, 307 (2016), and that drug dealing was a predicate for his § 922(g) conviction. So even if § 922(g) is constitutionally infirm for other reasons, liquidating the Commerce Clause in a criminal case is more complicated than it would be here. Moreover, it is not obvious why we should determine the Constitution's limits on federal criminal law by focusing first on people (like Squire) who violated federal criminal law. "Firearms laws . . . fall more harshly on peaceable citizens willing to defend themselves than on violent criminals." Cottrol & Mocsary, *supra*, at 46. After all, it is law-abiding citizens (like the plaintiffs here) who care about law in the first place. So even if a criminal like Squire prevails in his Commerce Clause challenge, you have to admit it's a bit "freakish" to start—and Heaven forbid end—our constitutional exegesis with a heroin dealer. *Cf. Gundy v. United States*, 588 U.S. 128, 149 (2019) (Alito, J., concurring in the judgment).